UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR MULLINS,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY;<br>and BRIAN BUTCHER, an individual.<br><br>    Defendants. | U.S. District Court<br>Case No._____<br><br>Hon.<br><br>Removed from<br>Wayne County Circuit Court<br>Case No. 18-015793-CD<br>Hon. David A. Groner |

_____/

| | |
|---|---|
| JAMES B. RASOR (P43476)<br>ANDREW J. LAURILA (P78880)<br>Rasor Law Firm, PLLC<br>Attorneys for Plaintiff<br>201 E. Fourth St.<br>Royal Oak, MI  48067<br>(248) 543-9000<br>jbr@rasorlawfirm.com<br>ajl@rasorlawfirm.com | THOMAS J. DAVIS (P78626)<br>SARAH L. NIRENBERG (P77560)<br>Kienbaum Hardy<br>Viviano Pelton & Forrest, P.L.C.<br>280 N. Old Woodward Ave., Ste. 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>tdavis@khvpf.com<br>snirenberg@khvpf.com |

**NOTICE OF REMOVAL**

TO: James B. Rasor  
      Andrew J. Laurila  
      Rasor Law Firm, PLLC  
      201 E. Fourth St.  
      Royal Oak, MI 48067

Clerk of the Court  
Wayne County Circuit Court  
Civil Division  
2 Woodward Ave.  
Detroit, MI 48226

PLEASE TAKE NOTICE that Defendants Ford Motor Company and Bryan Butcher,[1] through their undersigned counsel, hereby remove the above matter, currently pending in the Wayne County Circuit Court, State of Michigan (Case No. 18-015793-CD), to the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 28 U.S.C. § 1441, and 28 U.S.C. § 1446. The grounds for removal are as follows:

1. On November 29, 2018, Plaintiff Arthur Mullins voluntarily dismissed without prejudice two related complaints against Defendant Ford Motor Company, both of which were pending in the United States District Court for the Eastern District of Michigan, and both assigned to the Honorable Matthew F. Leitman. *See Arthur O. Mullins v. Ford Motor Company*, No. 4:18-cv-11869-MFL-APP (E.D. Mich.) (Docket Entries 21, 22); *Arthur O. Mullins v. Ford Motor Company*, No. 4:18-cv-11791-MFL-APP (E.D. Mich.) (Docket Entries 19, 20).

2. On December 13, 2018, Plaintiff filed Case No. 18-015793-CD in the Wayne County, Michigan Circuit Court against Defendant Ford Motor Company

---

[1] Bryan Butcher's first name was incorrectly spelled in the caption of Plaintiff's state-court pleading.

and Defendant Bryan Butcher, a Ford employee. This complaint related to the same alleged events that were set forth in the earlier-dismissed federal complaints, as Plaintiff conceded in that Court. *See* Ex. A, State Complaint; Ex. B, Federal Complaints; Ex. C, State-Court Summons (acknowledging that a "civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint" had been previously filed, citing the federal complaints).

3.  On January 11, 2019, Ford's counsel from the federal case received a copy of the summons and complaint for both Ford and Butcher via registered mail. Ex. C, Summons and Certified Mail Return Receipt. Ford's counsel later learned that a proof of service for the summons and complaint were filed in Wayne County Circuit Court. Ford's undersigned counsel had discussions with Plaintiff's counsel explaining (1) that Ford had not agreed to informal service absent preconditions that had not been fulfilled; and (2) that he did not represent Butcher, and thus could not accept service of process for him. Ex. D, January 24, 2019 Correspondence.

4.  In response to the objection by Ford's counsel, Plaintiff's counsel agreed to file a motion with the Wayne County Circuit Court to strike the proofs of services of the of the improperly-served summons and complaint. The Wayne County Circuit Court struck the Proofs of Service of Summons and Complaint on January 28, 2019. Ex. E, Order Striking Proofs of Service.

5. Defendants Ford and Butcher (now represented by undersigned counsel) reached an agreement with Plaintiff to waive formal service of the complaint in exchange for an agreement that Defendants would have until March 15, 2019 to file an answer to the complaint. A proposed stipulated order setting forth (1) that Ford and Butcher were served with process effective January 29, 2019; and (2) that the answer to the Complaint was due March 15, 2019 was entered by the Wayne County Circuit Court on February 4, 2019. Ex. F, Order Regarding Informal Service.

6. This Notice of Removal is being filed within 30 days after Defendant's receipt of the summons and complaint via proper service, as required by 28 U.S.C. § 1446(b) and consistent with *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). However, out of an abundance of caution, it is also being filed within 30 days after Defendant Ford's receipt of the summons and complaint via improper service on January 11, 2019.

7. Plaintiff alleges that both defendants violated the federal Family and Medical Leave Act ("FMLA"), Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), citing the same series of events following Plaintiff's alleged sexual harassment by a female co-worker, which purportedly led him to take medical leave due to stress and depression. *See generally* Ex. A, Compl. ¶¶ 14-115.

8. Because Plaintiff's FMLA claim arises under federal law, the federal district court has original jurisdiction over this claim under 28 U.S.C. § 1331. And because Plaintiff's ELCRA and PWDCRA claims arise out of the same alleged transactions underlying his FMLA claim, the federal district court has supplemental jurisdiction over those state claims under 28 U.S.C. § 1367(a). As the district court has jurisdiction over all of the claims in the state-court lawsuit, removal of the entire case is proper under 28 U.S.C. § 1441(a) and (c). *See Smith v. Provident Bank*, 170 F.3d 609, 614 (6th Cir. 1999).

9. The state court action is pending in Wayne County, Michigan, which falls within the boundaries of the United States District Court for the Eastern District of Michigan, Southern Division. Removal of the case to that district and division is thus proper under 28 U.S.C. § 1446(a).

10. All prerequisites for removal under 28 U.S.C. § 1441 have been met.

11. Promptly after Defendant files this notice of removal, Defendant will give Plaintiff notice of this filing of removal, and will file a copy of the notice of removal with the clerk of the state court as required by 28 U.S.C. § 1446(d). (See Ex. G.)

12. For the reasons stated above, Defendant respectfully requests that this Court take jurisdiction of this action, to the exclusion of any further proceedings in the state court.

          Respectfully submitted,

          KIENBAUM HARDY
          VIVIANO PELTON & FORREST, P.L.C.


          By: s/*Thomas J. Davis*
             Thomas J. Davis (P78626)
             Sarah L. Nirenberg (P77560)
          Attorneys for Defendant
          280 N. Old Woodward Ave., Ste. 400
          Birmingham, MI  48009
          (248) 645-0000
          tdavis@khvpf.com
          snirenberg@khvpf.com

Dated:  February 6, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2019, I caused the foregoing Notice of Removal to be electronically filed with the Clerk of the Court using the ECF system and served in the following matter:

By the Wayne County Circuit Court's MiFiling electronic filing system upon:

Clerk of the Court
Wayne County Circuit Court
Civil Division
2 Woodward Avenue
Detroit, MI 48226

and by e-mail and U.S. Mail upon:

James B. Rasor
Andrew J. Laurila
Rasor Law Firm, PLLC
201 E. Fourth St.
Royal Oak, MI  48067

E-Mail:   jbr@rasorlawfirm.com
          ajl@rasorlawfirm.com

 

                s/*Thomas J. Davis*
                Thomas J. Davis (P78626)
                Kienbaum Hardy
                Viviano Pelton & Forrest, P.L.C.
                280 N. Old Woodward Ave., Ste. 400
                Birmingham, MI  48009
                (248) 645-0000
                tdavis@khvpf.com