UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR MULLINS,

    Plaintiff,

v.

FORD MOTOR COMPANY;
and BRIAN BUTCHER, an individual,

    Defendants.

Case No. 19-cv-10372

Hon. Matthew F. Leitman

Magistrate Judge Anthony P. Patti

| | |
|---|---|
| James B. Rasor (P43476) | Elizabeth Hardy (P37426) |
| Andrew J. Laurila (P78880) | Thomas J. Davis (P78626) |
| RASOR LAW FIRM, PLLC | KIENBAUM HARDY VIVIANO |
| Attorneys for Plaintiff | PELTON & FORREST, P.L.C. |
| 201 E. Fourth St. | Attorneys for Defendants |
| Royal Oak, MI 48067 | 280 N. Old Woodward Ave., Ste. 400 |
| (248) 543-9000 | Birmingham, MI 48009 |
| jbr@rasorlawfirm.com | (248) 645-0000 |
| ajl@rasorlawfirm.com | ehardy@khvpf.com |
| | tdavis@khvpf.com |

**Defendants' Reply Brief in Support of
Their Motion for Summary Judgment**

Mullins's summary judgment response brief is notable in what it does *not* address. It explicitly abandons the failure-to-accommodate claim. ECF No. 30, PageID.817 n.1. It ignores dispositive arguments regarding his lack of PWDCRA disability, which is considered abandonment under well-established law. *See, e.g.*, *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (citing cases). And what remains rests on blatant misrepresentations of the undisputed record—including Mullins's own testimony—in a desperate attempt to keep this case alive. But enough is enough. The case is ripe for dismissal, and this litigation should end.

I.  **Mullins misconstrues what a PWDCRA disability claim requires, and failed to address one of Defendants' dispositive arguments on this issue.**

As Defendants argued, to state a claim, a plaintiff's alleged disability must be "substantially limiting" under the PWDCRA. ECF No. 26, PageID.210-12. A disability is not substantially limiting if it only precludes employment in a specific situation, like working around particular people. *Id.* Thus, a prison guard who cannot guard female inmates—because their false accusations of sexual misconduct caused him "situational anxiety"—cannot state a PWDCRA claim when he could still guard other inmates. *Edwards v. Dep't of Corrs.*, 2000 WL 33421589, at *1-4 (Apr. 28, 2000). The situation here is identical: Mullins's "disability" only prevents him from working near a few specific women; otherwise, he was not limited. ECF No. 26, PageID.212. Mullins does not respond to these arguments in his brief, and thus has conceded them. *Supra* n.1. His PWDCRA disability claims should be dismissed.

Mullins, instead, argues that his "depression and anxiety are not periodic." ECF No. 30, PageID.818-819. Given his failure to contest the fact that his disability is not substantially limiting, the point is moot. But Mullins is also wrong. He does not contest that a PWDCRA disability must last more than two years. ECF No. 26, Page ID.210-11. And Mullins *himself* admits that he was not disabled before his work issues arose, and was only disabled for part of the 14 months at issue. *Id.*

Finally, Mullins argues that he was "perceived" as disabled. ECF No. 30, PageID.819-20. But he ignores that, to state a prima facie case, the perceived disability must be *unrelated* to an employee's ability to do his job. ECF No. 26, PageID.217 (citing *Michalski v. Bar-Levav*, 463 Mich. 723 (2001)). Mullins does not claim that the "perception" of his mental problems was unrelated to his ability to perform his job; rather, he admits that any concerns were specifically related to his fitness for duty. ECF No. 31, PageID.855-56. He has no "perceived" claim either.

II.     **Even if Mullins had a disability, he has failed to show a prima facie case.**

Mullins next devotes an entire section of his brief to attacking the use of the word "causation" as shorthand for the fourth element of his prima facie case. *See* ECF No. 30, PageID.820-21. But whatever nomenclature he prefers, he admits that the *McDonnell Douglas* prima facie test applies, and that test requires "evidence that the employer's actions, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Hazle v. Ford Motor Co.*, 464 Mich.

456, 470–71 (2001). The case Mullins cites confirms this. *Sniecinski v. Blue Cross & Blue Shield of Mich.*, 469 Mich. 124, 134 (2003). But he offers no such evidence.

As discussed, Mullins was terminated due to an undisputed five-day quit policy which, on its face, undermines Mullins's prima facie case as a matter of Michigan law absent additional proof. ECF No. 26, PageID.216. Indeed, in *Crockett v. Ford Motor Co.*, this Court—relying on the same policy—found that a plaintiff who refused to return to work after receiving a similar letter, and who failed to identify any similarly-situated employee outside the protected class who was *not* fired after failing to comply with the policy, could not establish a prima facie case. 2015 WL 5785799, at *5 (E.D. Mich. Oct. 5, 2015) (Leitman, J.). So too here.[1]

### III.  Mullins cannot show the reason for his termination was pretextual.

Mullins's pretext arguments are likewise wrong. *First*, he claims that he did not curse at Butcher, and that the justification for suspending him is false. *Id.* at 824. But Mullins overlooks that his two-week suspension had nothing to do with the termination. And because Maria Watson decided to send Mullins for a fit-for-duty examination *before* the incident that led to his suspension, the examination would have occurred regardless. ECF No. 26, PageID.204-05; ECF No. 26-5, PageID.324-

---

[1] Also futile is Mullins's attempt to avoid his prima facie burden altogether by claiming "direct evidence" of discrimination. ECF No. 30, PageID.821-22. As Defendants explained, there is no direct evidence: the PWDCRA does not prohibit mental-health exams, and no one told Mullins that they were taking adverse action against Mullins *because of* disability. ECF No. 31, PageID.854-859.

25. Accordingly, Mullins's citation to a UAW grievance parroting his denials of the February 2, 2018 incident is irrelevant, even if it were not inadmissible hearsay.[2]

*Second*, Mullins claims that Ford did not follow its internal policies because Mullins was deemed "fit for duty" but was not returned to work. ECF No. 30, PageID.825-26. This is false: the examiner said Mullins was fit for duty "as long as" he was reassigned—which was undisputedly not a reasonable request as a matter of law. ECF No. 26, PageID.207-08, 214-15, ECF No. 26-5, PageID.347-348. But despite the third-party examiner's unreasonable suggestion, Ford kept trying to figure out a way for Mullins to return, including contacting his psychiatrist and then instructing Mullins to have his *own* doctor address whether he could return with or without accommodation, and informing him that he could open a new medical leave. ECF No. 26, PageID.208-09. There is no inference of pretext here.

*Third*, Mullins repeats his utterly baseless claim that he never received the May 8, 2018 quit letter. ECF No. 30, PageID.826. And he now goes further, claiming that Watson admitted in her declaration that Mullins did not receive the letter. *Id.* This is simply untrue. Mullins testified that he received the letter *from the post office* before going to Maria Watson on June 7, 2018—with Watson giving him more time

---

[2] If, instead, Mullins is claiming that the 2-week suspension *itself* was discrimination, he failed to timely raise such a claim, and it is waived. *See* ECF No. 31, PageID.857 & n.2. Nor can he create an issue of pretext by claiming that Butcher was wrong; rather, he must provide evidence that Butcher did not *believe* Mullins swore—which Mullins does not argue. *Jewett v. Mesick Consol. Sch. Dist.*, -- Mich. App. -- (2020).

to comply with the letter's terms despite its May 15, 2018 deadline.[3] ECF No. 26-3, PageID.238-239, 265, Pl's Dep. 99-102, 106-07, 301-04. Watson's declaration confirms this: "Mr. Mullins came to the Labor Relations Office on June 7, 2018, claiming he had not *timely received* the May 8, 2018 letter," not that he never received it at all. ECF No. 26-5, PageID.328, ¶ 30 (emphasis added). The record is clear: Mullins, knowing he had to return to work or open medical leave—and having been afforded extra time to comply—refused, knowing that remaining AWOL would lead to termination. The non-discriminatory reason for the termination is true.

But even if the Court ignored Mullins's own admissions and indulged the fiction that he did not receive the letter until June 7, 2018, it makes no difference. Mullins does not dispute that Ford sent the letter on May 8, 2018, and he knew that the post office had made multiple attempts to deliver it. ECF No. 27, PageID.463; ECF No. 27-26; ECF No. 27-2, PageID.507, Pl's Dep. 102:23-25. He cites no evidence that a Ford employee may remain AWOL, consequence-free, by ignoring a certified letter he knows his employer has been trying to send. The claim that he didn't receive the May 8, 2018 letter until he met Watson would not show that the stated reason for his termination—his decision to remain AWOL—was pretextual.

---

[3] Mullins misleadingly cites a June 4 email indicating that he *could* be terminated as proof that he already *had been* terminated by June 7. ECF No. 30, PageID.826; ECF No. 27-29. In truth, Mullins has already admitted that he "was terminated on June 12, 2018," citing Ford records—a date confirmed by marginal notes on the very document Mullins cites. ECF No. 27, PageID.469; ECF No. 27-28; ECF No. 27-29.

*Fourth*, and finally, Mullins block-quotes a Union grievance protesting his termination and, without explanation, claims it is proof that Ford "disregarded" policies. ECF No. 30, PageID.828. It is unclear what Mullins is talking about; the grievance *acknowledges* the five-day quit policy, and does not address the terms of the May 8, 2018 letter that Mullins admittedly failed to comply with. But the Court need not dwell on the matter; the letter is textbook hearsay—an out-of-court statement offered for the truth of its contents—and is inadmissible on summary judgment. *See, e.g.*, *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007).

### IV. Mullins's retaliation claim likewise should be dismissed.

Mullins finally claims that he can establish both a prima facie case and pretext on his PWDCRA retaliation claim. Again, he is wrong. Mullins admits that Ford did not receive notice of his protected activity until February 20, 2018. ECF No. 30, PageID.832. The undisputed record is that Watson decided to send Mullins for an exam on February 1, 2018—before the protected activity. ECF No. 26, PageID.203-05. Mullins nevertheless asserts retaliation because he was given an "an independent IME, not merely a medical evaluation." But even if Mullins explained what difference the name of the test makes (he concedes that the IME *was* a fit-for-duty evaluation, PageID.825), he admitted at deposition that he learned he was being given an IME on *February 16*, again before Ford had notice of his protected activity. ECF No. 27-2, PageID.613, Pl's Dep. 398-99. There is no causal link between his

-6-

protected activity and Ford's decision to have him examined.

Further, Mullins cannot establish a causal link between his protected activity and the termination. He ignores that in Michigan, "a temporal relationship, standing alone" is never enough to show causation. *Debano-Griffin v. Lake Cty.*, 493 Mich. 167, 177 (2013). Further, under federal law, Mullins's June 12, 2018 termination—which was nearly four months after the protected activity—is too far removed from the protected activity for an inference of causation. *See, e.g.*, *Barlia v. MWI Vet. Supply, Inc.*, 721 F. App'x 439, 451 (6th Cir. 2018) ("roughly three months" between protected activity and adverse action insufficient for inference of causation). And, for the reasons cited *supra* at pp. 3-6, Mullins cannot show that the given reason for his termination is false and pretextual either. The retaliation claims have no merit.

## Conclusion

For these reasons, the Court should summary judgment in favor of Defendants Ford and Butcher.

Respectfully submitted,

By: /s/ *Thomas J. Davis*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

Dated: January 9, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy Viviano
Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com