UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR MULLINS,

    Plaintiff,                                    Case No. 19-cv-10372
                                               Hon. Matthew F. Leitman

v.

FORD MOTOR COMPANY and
BRIAN BUTCHER,

    Defendants.

_____/

### ORDER (1) ADJOURNING SCHEDULED HEARING ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT AND (2) DIRECTING PARTIES TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT

Plaintiff Arthur Mullins is a former employee of Defendant Ford Motor Company. On December 13, 2018, Mullins filed this action in the Wayne County Circuit Court against Ford and one of its employees, Defendant Brian Butcher. (*See* Compl., ECF No. 1-2.) In his Complaint, Mullins alleged that the Defendants subjected him to a hostile work environment in violation of Michigan law, retaliated against him in violation of Michigan law, violated his rights under Michigan's Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.101 *et seq.* (the "PWDCRA"), and discriminated against him for taking medical leave in violation of the federal Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (the "FMLA").

1

(*See id.*)  Based solely on Mullins' federal FMLA claim, the Defendants removed Mullins' action to this Court. (*See* Notice of Removal, ECF No. 1.)

After the action was removed to this Court, the parties engaged in discovery. The parties also agreed to the dismissal of Counts I and II of Mullins' Complaint – the claims arising out of Mullins' allegations of a hostile-work environment. (*See* Stipulated Order, ECF No. 15.)

At the conclusion of discovery, Defendants decided to file a motion for summary judgment on the remaining claims in this action – Mullins' claims for violations of the PWDCRA and his claim for violation of the FMLA.  Before Defendants filed that motion, their counsel contacted counsel for Mullins and asked whether Mullins would grant his concurrence with respect to any portion of Defendants' motion.  Mullins' counsel "agreed that summary judgment should be granted on Mullins' FMLA claim." (Mot., ECF No. 26, PageID.186.)  But Mullins' counsel refused to grant concurrence with respect to Mullins' PWDCRA claims under Michigan law. (*See id.*)  The parties then filed cross-motions for summary judgment on those claims (*see* Mots., ECF No. 26, 27), and the Court scheduled a video hearing on the motions for April 26, 2021 (*see* Notice of Hearing, ECF No. 34).

In preparing for the hearing, the Court discovered that Mullins had agreed to the dismissal of his FMLA claim and that therefore the only remaining claims in this

2

action were his PWDCRA claims that arise under Michigan law. A "federal court that has dismissed a plaintiff's federal law claims should not ordinarily reach the plaintiff's state-law claims." *Rouster v. County of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014). And that general rule applies with equal force even at the summary judgment stage of the proceedings. *See id.* (affirming district court decision to decline to exercise supplemental jurisdiction over state-law claims following decision to grant summary judgment on federal claims). *See also Winkler v. Madison County*, 893 F.3d 877, 905 (6th Cir. 2018) (holding that "[b]ecause the district court did not err by granting summary judgment on Winkler's § 1983 constitutional claim, the court properly declined to exercise supplemental jurisdiction over Winkler's state-law claims"). Moreover, it may be especially appropriate to decline supplemental jurisdiction over a lone surviving state-law claim where that claim "presents a novel issue of state law" that has not been "squarely addressed by the [state] courts." *Weser v. Goodson*, 965 F.3d 507, 519 (6th Cir. 2020) (vacating district court judgment on state-law claims and directing district court to decline supplemental jurisdiction over those claims). Here, there may be at least one such unsettled question of state law – whether the PWDCRA limits or prohibits mental-health examinations in order to determine whether an employee is fit for duty. The Defendants present arguments on this issue, but cite only unpublished decisions, which suggests that the Michigan courts have not addressed this issue in an

3

authoritative, published decision. (*See* Defs.' Resp. Br., ECF No. 854-856, citing unpublished Michigan Court of Appeals cases). The lack of such controlling authority may lend further support to the Court declining to exercise supplemental jurisdiction over Mullins' PWDCRA claims.

Under these circumstances, and given that Mullins has agreed to the entry of judgment against him on the claim that formed the sole basis for this Court's subject-matter jurisdiction (*i.e.*, Mullins' FMLA claim), the Court **DIRECTS** the parties to **SHOW CAUSE**, in writing, by no later than **April 28, 2021**, why the Court should not remand Mullins' remaining state-law claims to state court. The Court further **ADJOURNS** without date the scheduled hearing on the parties' cross-motions for summary judgment. The Court will reschedule that hearing, if necessary, after it decides whether to retain supplemental jurisdiction over Mullins' state-law PWDCRA claims.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 14, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764