UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR MULLINS,

      Plaintiff,

v.

FORD MOTOR COMPANY;
and BRIAN BUTCHER, an individual.

      Defendants.

Case No. 19-cv-10372
Honorable Matthew F. Leitman
Magistrate Judge Anthony P. Patti

_____/

| | |
|---|---|
| JAMES B. RASOR (P43476) | THOMAS J. DAVIS (P78626) |
| ANDREW J. LAURILA (P78880) | SARAH L. NIRENBERG (P77560) |
| Rasor Law Firm, PLLC | Kienbaum Hardy |
| Attorneys for Plaintiff | Viviano Pelton & Forrest, P.L.C |
| 201 E. Fourth St. | 280 N. Old Woodward Ave., Ste. 400 |
| Royal Oak, MI 48067 | Birmingham, MI 48009 |
| (248) 543-9000 | (248) 645-0000 |
| jbr@rasorlawfirm.com | tdavis@khvpf.com |
| ajl@rasorlawfirm.com | snirenberg@khvpf.com |

_____/

## PLAINTIFF'S RESPONSE TO THE COURT'S APRIL 14, 2021 ORDER FOR SHOW CAUSE

NOW COMES, Plaintiff, ATHUR MULLINS, by his attorneys, Rasor Law Firm, PLLC, and for his Response to the Court's Show Cause as to why this action should not be remanded to State Court.

As stated in this Honorable Court's Show Cause Order, this underlying employment matter was removed by Defendant on February 6, 2019 to this Court based on Federal Question jurisdiction. The parties engaged in discovery for over a

1

year, including multiple depositions—Plaintiff was deposed twice given the length of events—and voluminous amounts of written discovery. Following the close of discovery, both parties moved for summary judgement on November 19 and 20, 2020, respectively, solely arising out of Plaintiff's disability discrimination claim under the Michigan Persons with Disability Civil Rights Act. As the Court has noted, the parties agreed summary judgment regarding Plaintiff's FMLA claim was appropriate. This FMLA claim formed the basis of this Court's jurisdiction and the Court's supplemental jurisdiction to hear Plaintiff's state PWDCRA claim pursuant to 28 U.S.C.A. § 1367.

Plaintiff does not disagree that the Sixth Circuit has generally held that when a federal court has dismissed a plaintiff's federal-law claims, the court "should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). There is not a per se rule prohibiting a federal court from exercising supplemental jurisdiction despite the federal claim(s) being dismissed because "supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 211 (6th Cir. 2004). "There are, however, circumstances where a district court should retain supplemental jurisdiction even if all of the underlying federal claims have been dismissed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010).

In *Harper*, the Sixth Circuit identified various factors relevant to this discretionary decision. First, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." 392 F.3d at 211 (internal citations omitted). The Court may also "consider whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum, such as simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." 392 F.3d at 211 (internal citations omitted).

The *Harper* Court relied on *Taylor v. First of America Bank-Wayne,* 973 F.3d 1284 (6th Cir. 1992) for an instance of when a court should retain jurisdiction and decide the state claims irrespective of the federal claims being dismissed. The following facts in *Taylor* supported this argument: (1) the case had been on the district court's docket for almost two years; (2) "the parties had completed discovery and compiled a voluminous record"; (3) the "plaintiffs' federal claim was not abandoned until the filing of the amended complaint"; and (4) "an extensively briefed summary judgment motion was ripe for a ruling by the district court." *Id*. at 1288.

This case is analogous to *Harper* and *Taylor* in that it poses a unique circumstance where the general rule of remand following the federal claims' dismissal should be disregarded. First, the case was never litigated in state court, but

was immediately removed to this Honorable Court on February 6, 2019. As such, litigation has taken over two years, though part of that duration related to COVID-19. Second, discovery has closed and there is a voluminous record. This much is evident in that Defendants' motion for summary judgment relies on eleven exhibits and Plaintiff's motion encompasses twenty-nine exhibits. Third, the case did not become remand-able until summary judgment motions were filed. Plaintiff did not agree to dismiss his FMLA claim based on forum shopping or to defeat the Court's jurisdiction, but only to narrow the issues for the Court and streamline what truly motivated Defendants' arbitrary, discriminatory treatment of Plaintiff. And fourth, the parties' substantive motion(s) for summary judgment are pending before the Court and ripe for decision.

The Court's show cause also refers to declining jurisdiction based on an unsettled issue of Michigan law: "whether the PWDCRA limits or prohibits mental-health examinations in order to determine whether an employee is fit for duty." (ECF No. 35, Page ID 883). While novel or complex issues of state law can provide the basis for the declination of supplemental jurisdiction under 28 U.S.C. § 1367(c)(1), such is not the case here. This case is not about the validity or ability of Defendant to require Plaintiff to take a mental-health examination. Indeed, Defendant's reference to the same is a red herring. Plaintiff's disability claim does not allege that FMC lacked the ability to send him to a fit-for-duty mental-health examination.

(Plaintiff's MSJ, ECF No. 27, Page ID 466-472). The argument is that Defendant's discriminatory attitude towards Plaintiff's disability (depression and anxiety) prompted this examination. This difference is critical because Plaintiff does not facially challenge FMC's presumably collectively bargained fit-for-duty requirement. Instead, the argument is that FMC deployed this procedure in this specific context with a discriminatory animus.

All the circumstances here lead towards the Court continuing to exercise its discretion and rule on the pending motions regarding Plaintiff's state PWDCRA claims. The pending dispositive motions rely on a significant evidentiary record and were filed after two years of litigation in this Court. They are unequivocally ripe for this Honorable Court's review. Remanding this matter back to Wayne County when the case is at the procedural finish line would result in a substantial delay in resolution and evade judicial economy. There is no question, however, that this Honorable Court does have the discretion to remand to Wayne County as evidenced by the precedent cited in the Court's April 14 Order. This is not a question of proper jurisdiction; it is merely whether the Court should exercise its wise discretion. And in this case, both judicial economy and the parties' rights will be best served by this Court retaining supplemental jurisdiction and deciding the parties' pending motions.

**WHEREFORE**, and for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court retain jurisdiction despite the lack of a federal question jurisdiction.

Counsel for plaintiff and defendant conferred before submitting respective statements and agree that this Court should retain jurisdiction rather than remand to state court.

                                      Respectfully Submitted,

                                      THE RASOR LAW FIRM, PLLC

                                      */s/ Andrew J. Laurila*
                                      ANDREW J. LAURILA (P78880)
                                      Attorney for Plaintiff
                                      201 E. 4th Street
                                      Royal Oak, MI 48067

Dated: April 21, 2021