UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR MULLINS,

    Plaintiff,

v.

FORD MOTOR COMPANY
and BRIAN BUTCHER, an individual,

    Defendants.

Case No. 19-cv-10372

Hon. Matthew F. Leitman

Magistrate Judge Anthony P. Patti

| | |
|---|---|
| James B. Rasor (P43476) | Elizabeth Hardy (P37426) |
| Andrew J. Laurila (P78880) | Thomas J. Davis (P78626) |
| RASOR LAW FIRM, PLLC | KIENBAUM HARDY VIVIANO |
| Attorneys for Plaintiff | PELTON & FORREST, P.L.C. |
| 201 E. Fourth St. | Attorneys for Defendants |
| Royal Oak, MI 48067 | 280 N. Old Woodward Ave., Ste. 400 |
| (248) 543-9000 | Birmingham, MI 48009 |
| jbr@rasorlawfirm.com | (248) 645-0000 |
| ajl@rasorlawfirm.com | ehardy@khvpf.com |
| | tdavis@khvpf.com |

**Defendants' Response to Motion to Show Cause**

**Introduction**

Although courts frequently dismiss state-law claims when all federal claims are dismissed, "there is no mandatory rule" and "trial courts do possess some discretion to decide a pendent state law claim once the federal basis for jurisdiction is dismissed." *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287–88 (6th Cir. 1992) (quoting *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)). The Sixth Circuit thus held that courts "must balance the interests… when deciding whether to resolve a pendent state claim on the merits." *Id.*; *accord, e.g.*, *Harper v AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004) (quoting *Taylor*); *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 694–95 (6th Cir. 2017) (same). Here, the balance of interests warrant the Court's retention of jurisdiction.

**A.    The interests of judicial economy and fairness warrant the Court's retention of jurisdiction under controlling Sixth Circuit law.**

In *Taylor*, the Sixth Circuit identified the following factors supporting the retention of jurisdiction: (1) "this case had been on the district court's docket for almost two years; (2) "the parties had completed discovery and compiled a voluminous record"; (3) "plaintiffs' federal claim was not abandoned until the filing of the amended complaint; and (4) "an extensively briefed summary judgment motion was ripe for a ruling by the district court." 973 F.2d at 1288. It also recognized that "remand could have wasted judicial resources and resulted in

additional delay." *Id.* The Sixth Circuit thus held that "the interests of judicial economy and fairness both favored the district court's retention of jurisdiction." *Id.*

Every *Taylor* factor supports jurisdiction here: (1) this case has been pending for *more* than two years, ECF No. 1; (2) discovery has been completed and there is a voluminous record; (3) *both* parties have filed summary judgment motions; and (4) the federal claim has not yet been dismissed and will have survived to summary judgment. And remand would waste judicial resources and result in further delay. The interests of justice and fairness cry out for this Court to complete its adjudication of this dispute, rather than forcing the parties to start again in a different forum.

**B.     There is no novel, plausibly-disputed issue of state law that would compel this Court to remand despite the interests identified above.**

The Sixth Circuit's decision in *Weser v. Goodson*, 965 F.3d 507, 519 (6th Cir. 2020) does not change the balance of interests justifying this Court's retention of jurisdiction. *Weser*, notably, largely reaffirms the Court's discretion to adjudicate state-law claims by upholding the district court's summary-judgment rulings on state-law malicious prosecution and false-arrest claims. *Id.* at 517, 519-520.

Only one issue in *Weser* warranted remand: a threshold dispositive question of whether Tennessee law would permit a false-arrest/imprisonment tort claim when the officer had probable cause to believe a crime occurred, but no statutory authority to arrest. *Id.* at 517-18. The plaintiff, citing criminal cases, made a plausible case that the answer was yes, but had "not… cited any case" so holding in a civil tort context.

-2-

*Id.* at 518. And the defendant, citing analogous authority, plausibly argued that the answer was no. *Id.* Thus, the Court held that because the claim rested on a "a novel issue of state law" that "has never been squarely addressed by the Tennessee courts" and "both parties have made plausible arguments in favor of their respective positions, this issue is… better left for the state courts to decide." *Id.*

Those concerns are not present here. The Court's show-cause order identified one issue that "may be" novel—whether "the PWDCRA limits or prohibits mental-health examinations in order to determine whether an employee is fit for duty." ECF No. 35, PageID.884. But unlike in *Weser*, where the specific scenario at issue had "never" been addressed in "any" state case, 965 F.3d at 518, the issue here *has* been squarely addressed by Michigan courts and Michigan statute. Defendants cited Court of Appeals authority applying the plain text of MCL 37.1202(e) in holding the PWDCRA does not regulate the use of mental-health exams, but only "what an employer may do on the basis of" such exams. ECF No. 31, PageID.854-56 (citing *Dillon-Barber*). And while *Dillon-Barber* was unpublished, it is directly on point, and nothing in *Weser* suggested that a federal court cannot exercise its discretion to resolve state-law claims that *have* been addressed in unpublished opinions, or in state statutes.[1] If anything, *Weser* itself implicitly rejects that interpretation, given its

---

[1] Such an interpretation of *Weser* would also have the perverse result of immunizing the most implausible arguments from federal-court resolution—and thus requiring

-3-

reliance on the fact that *both* parties had "plausible" arguments on the novel state-law issue.

That, too, is another reason why *Weser* is inapplicable: Mullins has not raised any plausible argument that giving an employee a mental-health exam violates the PWDCRA. Here, the Court's show-cause order recognized that "Defendants present arguments on this issue," ECF No. 35, PageID.883, but it leaves unsaid that Mullins has not presented any counterarguments. His reply brief does not address the issue at all, let alone distinguish *Dillon-Barber* or the statutory language of MCL 37.1202(e) that it quotes. *See generally* ECF No. 33. Nor does Mullins's opening brief cite authority on this point; instead, he simply made a bare, unsupported assertion that he had "direct" evidence of PWDCRA discrimination because his paranoia and mood shifts that led to his mental-health exam were "characteristics" of his disability. ECF No. 27, PageID.470-471. If anything, Mullins's failure to develop his argument, and his failure to rebut Defendants' arguments on the same, eliminates the need for this Court to address the merits of this particular state-law issue at all.² But even if the Court needed to reach the merits of the issue, Plaintiff

---

state courts to be clogged with these remnants of an earlier federal case—because implausible arguments are less likely to have been raised in earlier cases.

² *See In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 901* (6th Cir. 2009) (perfunctory, undeveloped arguments deemed waived); *United States v. Burton*, 802 F. App'x 896, 910 (6th Cir. 2020) (holding party waived issue by not replying to argument raised in opposing party's response brief).

has not raised any plausible arguments on a novel question of law that would require remand to state court under *Weser*.

## Conclusion

This case has been litigated in federal court for over two years. Discovery is complete. The Court has already ordered state-law portions of the complaint dismissed with prejudice. Summary judgment briefs have been filed as to the rest, including the federal claim that is still now pending. The Court unquestionably has the discretion to resolve the remainder of the litigation, rather than requiring the parties to start over in state court. And both parties agree that the Court should retain jurisdiction and adjudicate the case. Ford respectfully requests that the Court do so, in the interests of judicial economy and fairness to the parties.

                        Respectfully submitted,

                        By: /s/ *Thomas J. Davis*
                            Elizabeth Hardy (P37426)
                            Thomas J. Davis (P78626)
                        Attorneys for Defendants
                        280 N. Old Woodward Ave., Ste. 400
                        Birmingham, MI 48009
                        (248) 645-0000
                        ehardy@khvpf.com
Dated:  April 21, 2021          tdavis@khvpf.com

-6-

## CERTIFICATE OF SERVICE

    I hereby certify that on April 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                            /s/ *Thomas J. Davis*
                                            Thomas J. Davis (P78626)
                                            Kienbaum Hardy Viviano
                                            Pelton & Forrest, P.L.C.
                                            280 N. Old Woodward Ave., Ste. 400
                                            Birmingham, MI  48009
                                            (248) 645-0000
                                            tdavis@khvpf.com

409935